IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMIE PLANCK MARTIN**                                                                 **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO.** 3:19-cv-46-DPJ-FKB

**UNITED AIRLINES, INC.**
                                                                                        **DEFENDANT**

## NOTICE OF REMOVAL

COMES NOW, UNITED AIRLINES, INC. ("United Airlines" or the "Defendant"), by and through its attorneys, McGlinchey Stafford, PLLC, and files this, its Notice of Removal, and in support thereof would show unto the Court the following, to-wit:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

2. This Court has subject matter jurisdiction over this matter based upon both federal question and diversity jurisdiction. Removal is appropriate because the Plaintiff, JAMIE PLANCK MARTIN (the "Plaintiff"), states claims that are preempted by the Montreal Convention. Also, the Plaintiff and United Airlines are completely diverse and the amount in controversy is met.

3. This action was commenced on or about November 28, 2018, in the Circuit Court of Hinds County, Mississippi, Civil Action No. 25CI1:18-cv-00666-JAW, against United Airlines. A copy of the Petition for Damages (the "Complaint") is attached hereto as Exhibit "A" and incorporated herein by reference.

4. The Plaintiff asserts claims relating to international air travel from Halifax, Nova Scotia to Jackson, Mississippi on October 12, 2018. *Id.* at ¶ 5. The Plaintiff states allegations against United Airlines of breach of contract, conversion of Plaintiff's monetary assets to the

benefit of the Defendant, and fraudulent misrepresentation of material facts to the Plaintiff as an inducement to benefit the Defendant. *Id.* at ¶¶ 9-11.

5.      The Plaintiff's stated damages include a refund of the entire purchase price of the Plaintiff's original United Airlines travel ticket ($1,063.96), unspecified reasonable compensation for United Airlines' alleged conversion of Plaintiff's financial and personal assets to its own use, an unspecified amount of punitive damages, and attorneys' fees and costs. *Id.* at *ad damnum*.

## Federal Question Jurisdiction

6.      The international transportation that is the subject of the Plaintiff's claim is exclusively governed by and completely preempted by an international treaty called the Montreal Convention. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 29, 1999, S. Treaty Doc. 106-45, 1999 WL 33292734. The Montreal Convention contains an exclusivity provision that makes the Convention the exclusive remedy for any claim for damages arising from the carriage of international passengers (as the present case) – whether in contract or in tort or otherwise – and also precludes alternative causes of action within its scope. *See* Montreal Convention, Articles 29 and 19 (S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000)). *See also*, *El Al Isreal Airlines, Ltd v. Tsui Yuan Tseng*, 525 U.S. 155 (1999); *Bridgeman v. United Continental Holdings, Inc.*, 552 Fed. Appx. 294 (5th Cir. 2013); *White v. Emirates Airlines*, 493 Fed. Appx. 526 (5th Cir. 2012); *Potter v. Delta Air Lines, Inc.,* 98 F.3d 881 (5th Cir. 1996); *McCubbins v. United Airlines, Inc.*, 227 F. Supp. 3d 654 (S.D. Miss. 2016); *Hebert v. Am. Airlines, Inc.*, 2016 WL 3517795 (E.D. La. June 27, 2016); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, 2016 WL 2756589, *18 (S.D. Tex. May 9, 2016); *Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.*, 2013 WL 105380 (N.D. Tex. Jan. 9, 2013). The Plaintiff's claims stated in her Complaint are for delay which fall within the scope of

the Montreal Convention, therefore, this Court has jurisdiction under 28 U.S.C. § 1331. *See also*, Montreal Convention, Articles 29 and 19. The state law claims pled by the Plaintiff arise under federal law due to complete preemption and support federal question jurisdiction. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### Diversity Jurisdiction

7. Additionally, the Plaintiff is a citizen of Mississippi. *See* Complaint at ¶ 2. United Airlines is a foreign corporation, specifically a Delaware corporation with its principal place of business in Illinois. *Id.* at ¶ 3. Thus, complete diversity exists between Plaintiff and United Airlines.

8. The amount in controversy requirement has also been satisfied based upon the claims asserted by the Plaintiff. The Complaint attempts to limit damages stating that "[t]his claim is for less than $75,000 and the Plaintiff waives any claim for damages that is above the jurisdictional limits of this Court." Complaint at ¶ 4. However, there is no jurisdictional maximum in the Mississippi circuit courts, but rather a jurisdictional minimum. The circuit courts "have original jurisdiction in all actions when the amount in controversy exceeds two hundred dollars." MISS. CODE ANN. § 9-7-81.[1] Therefore, the Plaintiff has not waived damages over $75,000. Moreover, the Plaintiff demands an unspecified amount of punitive damages which meets the requisite amount in controversy. *See* Complaint at *ad damnum*. Thus, it is facially apparent that the amount in controversy requirement is satisfied. *See Haney v. Continental Casualty Co.,* 2008 WL 5111021, at * 1-2 (S.D. Miss. Dec. 2, 2008); *Brasell v.*

---

[1] The circuit court is a court of general jurisdiction. *See Big River Oilfield Services, LLC v. Wilcox Drilling Co.*, 109 So. 3d 123 (Miss. Ct. App. 2012). Justice courts have jurisdiction over matters where the recovery sought does not exceed $3,500. *See* MISS. CODE ANN. § 9-9-21(1). County courts, as courts of general jurisdiction, have concurrent jurisdiction with justice courts, in all matters civil and criminal of which the justice court has jurisdiction. *Id.* It also has concurrent jurisdiction with the circuit and chancery courts in all matters of law and equity wherein the amount in controversy does not exceed $200,000, exclusive of costs and interest. *Id.* Cases with amounts in controversy over $200,000 are filed in circuit or chancery court.

*Unumprovident Corp.* 2001 WL 1530342, at *2-3 (N.D. Miss. Oct. 25, 2001). Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. This Court has supplemental jurisdiction over all other claims in accordance with 28 U.S.C. §§ 1367 and 1441.

10. The Defendant's removal of this case is timely. The Complaint in the matter was filed on November 28, 2018. *See*, *generally*, Exhibit "A." United Airlines was served with process on its registered agent in Mississippi on December 19, 2018. A copy of the summons served on the registered agent for United Airlines is attached hereto as Exhibit "B" and incorporated herein by reference. Therefore, the 30-day time limit for removal has not expired and the removal of this matter is timely pursuant to 28 U.S.C. § 1446.

11. By filing this Notice of Removal, the Defendant does not waive its rights to object to service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or to assert any other applicable defenses based on the Montreal Convention or otherwise. Additionally, the Defendant expressly reserves any right to have the claims asserted herein resolved solely through arbitration.

12. A copy of this Notice of Removal has been sent to counsel of record for the Plaintiff and will be filed with the clerk of the Circuit Court of Hinds County, Mississippi.

13. The entire state court file will be filed electronically pursuant to 28 U.S.C. § 1446(a) and Uniform Local Rule 5(b).

WHEREFORE, PREMISES CONSIDERED, UNITED AIRLINES, INC. prays that this Court assume full jurisdiction over these proceedings as provided for by law.

THIS, the 17th day of January, 2019.

                                    Respectfully submitted,

                                    **UNITED AIRLINES, INC.**
                                    Defendant

                                    By:   s/John T. Rouse
                                          John T. Rouse
                                          One of its Attorneys

**OF COUNSEL:**

John T. Rouse (MSB No. 101586)
**MCGLINCHEY STAFFORD, PLLC**
1020 Highland Colony Pkwy, Ste 702
Ridgeland, MS 39157
(769) 524-2300
(601) 608-7871 (fax)
jrouse@mcglinchey.com

**CERTIFICATE OF SERVICE**

I, the undersigned John T. Rouse, McGlinchey Stafford PLLC, do hereby certify that on this day, I have this day served via electronic means or via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

> F. Gerald Maples
> Attorney at Law
> 2600 Carsley Road
> Jackson, MS 39209
> gmaples@fgmapleslaw.com

THIS, the 17th day of January, 2019.

s/John T. Rouse<br>
OF COUNSEL

337106.4