IN THE HINDS COUNTY CIRCUIT COURT

HINDS COUNTY, MISSISSIPPI

JAMIE PLANCK MARTIN,
        PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 18-666

UNITED AIRLINES, INC.,
        DEFENDANT

### PETITION FOR DAMAGES

**COMES NOW**, Plaintiff, Jamie Planck Martin, and brings this cause of action against United Airlines, Inc. for monetary damages for breach of contract, conversion and fraudulent misrepresentation.

1.

This cause of action arises out of a contract between the parties for the purchase and use of an airline ticket, reservation, and travel services and the breach of said contract, conversion of Plaintiff's monetary assets to the benefit of the Defendant, and fraudulent misrepresentation of material facts to the Plaintiff as an inducement to benefit the Defendant.

### THE PARTIES

2.

Plaintiff is an adult resident citizen of Hinds County, Mississippi whose address is 2600 Carsley Road, Jackson, MS 39209.

1



3.

The Defendant, United Airlines, Inc., is a foreign corporation domiciled outside of the State of Mississippi but in the United States and may be served with process by serving its registered agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION

4.

This Court has jurisdiction over the parties and venue is proper. The Defendant is doing and for many years has done business in the State of Mississippi, is registered to do business in the State of Mississippi, uses the public services and facilities to do business in the State of Mississippi and contracts within the State of Mississippi. The Defendant has therefore subjected itself to jurisdiction within the State of Mississippi and specifically by doing business in Jackson, Mississippi is subject to this Court's jurisdiction. This claim is for less than $75,000.00 and the Plaintiff waives any claim for damages that is above the jurisdictional limits of this Court.

## FACTS

5.

On October 7, 2018, Plaintiff reserved, booked and paid for airline tickets on Defendant's airline thereby creating a contractual obligation between the parties. The one-way cost was $1,063.96. The ticketed passengers were Plaintiff and her daughter, Jacqueline Tinsley Martin. The initial departure airport was on October 12, 2018 from Halifax, Nova Scotia (YHZ), flight number UA687 to Newark, New Jersey (EWR) and then from EWR to Houston Intercontinental Airport (IAH), continuing to the destination of Jackson, Mississippi (JAN). The departure from YHZ was 12:40 p.m. with the ultimate arrival into Jackson, Mississippi at 8:00 p.m. of the same

day. See attached confirmation and itinerary, Exhibit "A." Plaintiff and her daughter arrived at the ticket counter at the Halifax airport 50 minutes before the flight's 12:40 departure time and was told that they would not be allowed to check in or to board the flight because they had not arrived an hour before the flight. Halifax is a small airport with U.S. Customs and Immigration in place at the airport, and the process of checking in, clearing Customs, and walking to the departure gate is simple, easy and quick. The Plaintiff was informed that ten minutes earlier their First-Class seats had been given to other passengers and that the decision to do so would not be reversed. They were also told that the flight was overbooked and that there were no other seats that were available. The ticket counter agent refused to provide any other information or assistance and told the Plaintiff that she should call United Airlines on the phone. The ticket counter agent's name is Rachel Cormier. The Plaintiff called United Airlines immediately and was told that the "Help Desk" would be called immediately and that the seats should not have been given away. Plaintiff was also told that they could not be re-booked at that moment. Plaintiff was put on hold, waited on hold for 12 minutes, and then called back to United Airlines. Another person answered the second phone call and told the Plaintiff that she could not help the Plaintiff and her daughter without talking to the same Rachel Cormier who had given the seats to others and had refused to provide any other assistance. During the phone call process, Rachel Cormier, without consulting with the Plaintiff, re-booked the Plaintiff to Newark, New Jersey on the 2:45 p.m. departure from Halifax, but neglected, failed or refused to book the Plaintiff's daughter on the substitute flight to Newark. During this process, the second employee of the Defendant who had answered the second phone call was busy trying to book the Plaintiff and her daughter on Air Canada, United's associate airline, but because Rachel Cormier had now booked the Plaintiff on a United flight to Newark,

3

but not Plaintiff's daughter, that they were now dealing with a "split ticket" and the Help Desk could not help any longer.

6.

Now this lawsuit moves into the second part of the factual story. Once off the phone with the "Help Desk" and without receiving any help, Plaintiff re-approached Rachel Cormier and was informed by Rachel Cormier that the "Help Desk" had "wiped out" the Plaintiff's substitute seat to Newark and that "neither of you have anything." At this point another United Airlines employee, Fred Levi, offered to help. He informed the Plaintiff that he had reserved seats for the Plaintiff and her daughter on the 2:45 p.m. flight to Newark (UA4137) and represented, contrary to what Rachel Cormier had told the Plaintiff, that there were in fact two seats available. The flight was repeatedly delayed and it was repeatedly represented that the flight would depart at certain times. Plaintiff and her daughter waited at the Halifax airport for ten hours and then were told that Flight 4137 had been cancelled. It took Plaintiff until 11:30 p.m. that evening of the same day, October 12, 2018, to re-book a flight, UA4391, departing at 6 a.m. the next morning. To make matters worse, Plaintiff was not allowed to re-book on the 6 a.m. October 13, 2018 Flight 4391 until she retrieved her luggage. Near midnight she was required to wait 30 minutes on her luggage to be returned. By then there were no rooms available at any of the Halifax airport hotels and to take transportation from the Halifax airport to the City of Halifax, check into a hotel room and arrive back at the Halifax airport one hour before the Flight 4391 departure at 6 a.m. would have allowed the Plaintiff and her daughter approximately three hours of sleep if they had been able to sleep at all. The only reasonable option was to sleep on the floor of the Halifax airport. But Plaintiff and her daughter were then forced out of the concourse area and made to sleep at the ticket counters.

7.

Now this lawsuit moves into the third part of the factual story. Plaintiff and her daughter, being conveniently located at the Halifax airport, were promptly in line at the ticket counter the next morning, October 13, 2018, at 5 a.m. They were told that there were seats available on Flight 4391, but other passengers came up behind them and entered the line after the so-called one-hour cutoff time. Plaintiff was told that those passengers had to be helped first. Approximately twelve (12) passengers then checked in while Plaintiff and her daughter waited. By the time Plaintiff was able to obtain assistance and the attention of the gate agent, all seats on Flight 4391 had been assigned to other passengers and there were none available for Plaintiff and her daughter.

8.

Now this lawsuit moves into the fourth part of the factual story. In summary, Plaintiff was then re-routed from Halifax to Montreal on Flight UA661, from Montreal to Houston Intercontinental (IAH) on UA7703 and from Houston to their ultimate and intended destination of Jackson, Mississippi on UA6207, arriving at their intended destination over thirty (30) hours after first arriving at the Halifax airport. (By way of reference, Defendant claims to be able to fly travelers from Halifax, Nova Scotia to Hong Kong, China in twenty (20) hours.

The Plaintiff and her daughter were subjected to the following:

a. Gross regard for their consumer and traveler rights with an intention to resolve an overbooking problem at the expense of the Plaintiff that converted the assets of the Plaintiff to the use of the Defendant.

b. Conversion of assets, money and property rights of the Plaintiff in a way that was the proximate cause of extreme pain and discomfort, delays in commitments, and loss of valuable professional work hours.

5

c. Fraudulent misrepresentations, fraud in the inducement, and intentional breach of contract that amount to intentional, malicious, and grossly negligent conduct as well as conversion of assets and property.

d. Complete and total disregard of the Plaintiff's ownership rights in the ownership and purchase of a right of travel thereby amounting to conversion.

## DAMAGES

9.

FIRST COUNT: Defendant intentionally breached the contract as described hereinabove.

10.

SECOND COUNT: Defendant, without cause and without representation misrepresented material facts to the Plaintiff as described hereinabove and to the financial and personal detriment of the Plaintiff. The Defendant's conduct is fraud, fraud in the inducement and fraudulent misrepresentation regarding material facts.

11.

THIRD COUNT: The Defendant, by its fraudulent conduct used the Plaintiff's decision-making, time resources, and ultimately financial damage to its advantage and such amounts to a conversion of Plaintiff's financial and personal time and well-being assets, all as hereinabove described.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court order and award the following relief:

a. A refund of the entire purchase price of the Plaintiff's original United Airlines travel ticket;

b. a determination that the Defendant converted Plaintiff's financial and personal assets to its own use for which the Plaintiff requests a reasonable compensation;

c. punitive damages;

d. attorney's fees and costs.

Respectfully submitted,

**F. GERALD MAPLES, P.A.**

F. Gerald Maples (MS Bar #1860)
Attorney for Plaintiff
2600 Carsley Road
Jackson, MS 39209
Phone: 228-263-9100
Email: gmaples@fgmapleslaw.com

From: United Airlines, Inc. unitedairlines@united.com
Subject: Your United reservation for Jackson, MS, US (JAN) is processing
Date: Oct 7, 2018 at 9:48:02 AM

Add UnitedAirlines@news.united.com to your address book. See instructions.



Sunday, October 07, 2018

# Thank you for choosing United

We're processing your reservation and will send you an eTicket Itinerary and Receipt email once completed. This process usually takes less than an hour, but in rare cases it could take longer. If you don't receive an eTicket Itinerary and Receipt email within 24 hours, please call the United Customer Contact Center

Confirmation number:

Halifax, NS, CA (YHZ)
to Jackson, MS, US (JAN)

# IHH9W5

Manage reservation

## Purchase summary

| | |
|---|---|
| 2 Adults (18-64) | $806.00 |
| Taxes and fees | $257.96 |
| **Total** | **$1,063.96** |

Credit card payment: $1,063.96 (American Express-*2004)

## Trip summary

Fri, Oct 12, 2018

EXHIBIT A

**UA 3732** Operated By REPUBLIC AIRLINES DBA UNITED EXPRESS

10h 38m total

| | | |
|---|---|---|
| **12:40 pm** <br> Halifax, NS, CA (YHZ) | **2:01 pm** <br> New York/Newark, NJ, US <br> (EWR - Liberty) | Duration: 2h 21m <br> United Economy (W) <br> Snacks for Purchase |

Long layover   Terminal change

2h 9m Layover

**UA 687**

| | | |
|---|---|---|
| **4:10 pm** <br> New York/Newark, NJ, US <br> (EWR - Liberty) | **6:49 pm** <br> Houston, TX, US (IAH - <br> Intercontinental) | Duration: 3h 39m <br> United First (Z) <br> Dinner |

Wi-Fi   Power outlets

Long layover   Terminal change

1h 11m Layover

**UA 6324** Operated By MESA AIRLINES DBA UNITED EXPRESS

| | | |
|---|---|---|
| **8:00 pm** <br> Houston, TX, US (IAH - <br> Intercontinental) | **9:18 pm** <br> Jackson, MS, US (JAN) | Duration: 1h 18m <br> United First (Z) <br> Refreshments |

Wi-Fi

Long layover   Terminal change

## Travelers

| | | | | |
|---|---|---|---|---|
| Jamie Martin | YHZ to EWR <br> EWR to IAH <br> IAH to JAN | 19B <br> 6B <br> 4D | Frequent flyer: <br> Email address: | UA-*****527 <br> Jamie@jamiepmartin.com |
| Jacqueline Martin | YHZ to EWR <br> EWR to IAH <br> IAH to JAN | 19A <br> 6A <br> 4C | | |




## Additional trip planning tools

Baggage Policies: View current baggage acceptance allowances.
Passport and Visa Information: International Travel Documentation requirements

## Carry-on baggage allowed

United accepts the following items, per customer to be carried on the aircraft at no charge:

One carry-on bag no more than 45 linear inches or 114 linear centimeters
One personal item (such as a shoulder or laptop bag)

Due to FAA regulations, operating carriers may have different carry-on requirements. Please check with the operating carrier for more information or go to united.com/baggage.

## Checking bags for this itinerary

Checked baggage service charges are collected at any point in the itinerary where bags are checked. The bag service charges below reflect a maximum outside linear dimension of 62 linear inches (157 cm).

| First and second baggage service charges per traveler as listed below: | 1st bag | 2nd bag | Weight per bag |
|---|---|---|---|
| Fri, Oct 12, 2018<br>Halifax, NS, CA (YHZ)<br>to Jackson, MS, US (JAN) | ~~CA $30~~ per traveler<br>CA $0 | ~~CA $30~~ per traveler<br>CA $0 | 70 lbs (32 kgs) per traveler |

The service charges for standard first and second checked bags (within specified size and weight limits) have been waived based on the fare purchased. Changes to the fare type purchased could result in increased baggage service charges.

These amounts represent an estimate of the first and second checked baggage service charges that may apply to your itinerary. If your itinerary contains multiple travelers, the service charges may vary by traveler, depending on status or memberships.

First and second bag service charges do not apply to active-duty members of the U.S. military and their accompanying dependents. For additional information regarding baggage charges, allowances, weight/size restrictions, exceptions or embargoes, or charges for overweight, oversized, excess, odd-sized baggage, special items or sporting equipment, visit united.com/baggage.

## Check Your First Bag for Free

Save up to $100 per roundtrip. The primary Cardmember and one companion on the same reservation can check their first standard bag free on United-operated flights when purchasing tickets with their Explorer Card. Terms apply.

Learn more

| united.com | Deals & offers | Reservations | Earn miles | My account |

**STAY CONNECTED**

A STAR ALLIANCE MEMBER 

Copyright © 2018 United Airlines, Inc. All Rights Reserved

View our Privacy Policy.

**E-mail Information**
Please do not reply to this message using the "reply" address.
The information contained in this e-mail is intended for the original recipient only.

United MileagePlus
900 Grand Plaza Dr.
Houston, TX 77067 USA

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts
Form AOC/01 (Rev 2016)

Case 3:17-cv-00666-JAW    Document # 2-1    Filed 11/28/2018    Docket Number

Court Identification:
- County #: 25
- Judicial District: 1
- Court ID (CH, CI, CO): CI
- Year: 2018
- Docket Number: 666

Month/Date/Year: 11 / 26 / 18

In the **Circuit** Court of **Hinds** County — Judicial District ___

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

### Plaintiff
**Individual**: Martin, Jamie Planck
- Last Name: Martin
- First Name: Jamie
- Maiden Name: Planck

Address of Plaintiff: 2600 Carsley Road, Jackson, MS 39209

Attorney (Name & Address): F. Gerald Maples, Post Office Box 55760, Metairie, LA 70055-5760
MS Bar No. 1860

### Defendant
**Individual**: United Airlines, Inc.
**Business**: United Airlines, Inc.

### Nature of Suit
**Contract**
- [X] Breach of Contract

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:18-cv-00666-JAW
Internal Use Only
**Edit Case Data**
**Edit Case Participants**

SYNCHRONY BANK v. GREER
Assigned to: Jeff Weill, Sr

Date Filed: 11/20/2018
Current Days Pending: 1
Total Case Age: 1
Jury Demand: None
Nature of Suit: 1 Debt Collection

**Plaintiff**
**SYNCHRONY BANK**                       represented by **Jason B. Patrick**
                                         Rausch, Sturm, Israel, Enerson &
                                         Hornik, LLC
                                         PO Box 312277
                                         ENTERPRISE, AL 36331
                                         877-215-2552
                                         Fax: 877-396-4464
                                         Email: lawfirmms@rsieh.com
                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**
**JOE GREER**

**Proceedings for case 25CI1:18-cv-00666-JAW are not available**

https://seventh.circuit.court.mec.ms.gov/cgi-bin/DktRpt.pl?131764399739596-L_333_0-1    11/21/2018